UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

HUNTINGTON NATIONAL BANK,

      Plaintiff,                              Case No. 3:15-cv-379

vs.

VIVIAN LOUISE THOMPSON,            District Judge Walter H. Rice
                                       Magistrate Judge Michael J. Newman

      Defendant.

---

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT'S MOTION TO
PROCEED *IN FORMA PAUPERIS* ON APPEAL (DOC. 9) BE DENIED**

---

The case is presently before the Court on *pro se* Defendant's motion to proceed *in forma pauperis* on appeal.  Doc. 9.  Pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  When a party files a motion to proceed *in forma pauperis* on appeal, "the [D]istrict [C]ourt must ascertain both the individual's pauper status and the merits of the appeal."  *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).   If the Court "determines that the individual is not a pauper, that the appeal is not taken in good faith, or that the individual is not otherwise entitled to pauper status," the Court must notify the parties of its decision in writing.  *Id.*

For the reasons set forth in the undersigned's November 18, 2015 Report and Recommendation, doc. 5 -- adopted by Judge Rice on December 9, 2015, doc. 6 -- it is **RECOMMENDED** that the Court certify that Defendant's appeal is not taken in good faith and, therefore, her motion to proceed *in forma pauperis* on appeal, doc. 9, be **DENIED**.

---

      [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

Date:   January 8, 2016                          *s/ Michael J. Newman*
                                                 Michael J. Newman
                                                 United States Magistrate Judge

Case: 3:15-cv-00379-WHR-MJN Doc #: 10 Filed: 01/08/16 Page: 2 of 3  PAGEID #: 118

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.  As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).